UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO OTONIEL CHAVEZ NIZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>Respondents. | Case No.  26-cv-04168-RFL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release or a bond hearing.  (Dkt. No. 1 (the "Petition").)  The government responded, acknowledging that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)," and thus, the government does "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Dkt. No. 3.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

I.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Because Petitioner is in custody and seeks release from custody, he has standing to pursue the Petition.

II.    **ANALYSIS**

"Petitioner . . . is a citizen of Guatemala."  (Petition ¶ 25.)  He "entered the USA in October 2003 by crossing through the hills.  He was not apprehended upon his arrival," and he has now lived in the country for more than 20 years.  (*See id.* ¶ 26.)  He has been "regularly

1

employed" while in the country, and he "has no criminal history."  (*See id.* ¶ 25.)  On July 9, 2026, he was detained without a warrant while driving to work.  (*See id.* ¶ 27.)  He remained detained as of the filing of the Petition.  (*See id.* ¶ 1.)  He "has not requested custody redetermination . . . because this is futile.  The immigration judges will deny bond, concluding there is no jurisdiction to even consider setting a bond based on" *In re Hurtado*, 29 I & N Dec. 216 (BIA 2025).  (*See id.* ¶ 29.)

The Central District of California certified a class of which it appears that Petitioner was initially a member.  *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal. 2025).  That case essentially overruled *In re Hurtado*.  *See id.* at 1080.  The Ninth Circuit has since stayed application of the class to any members outside the Central District of California.  *See Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026).  Although the Central District's decision in *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with its reasoning and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225.  *See*, *e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4-5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2-4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1-2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).[1]  Therefore, for the reasons stated in those decisions, the undersigned concludes that Petitioner is not subject to mandatory detention under Section 1225.

Petitioner also requests an award of attorneys' fees.  The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment.  Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

---

[1] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years.  *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

2

III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **August 11, 2026**, Petitioner shall be released on **August 12, 2026**.

The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 28, 2026

_____
RITA F. LIN
United States District Judge

3